JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Manetirony Clervrain | CASE NUMBER |
|---|---|
| | 2:22-31-GW (MAR) |
| v. **PLAINTIFF(S)** | |
| Jessica Millan Patterson | **ORDER RE REQUEST TO PROCEED** |
| | *IN FORMA PAUPERIS* |
| **DEFENDANT(S)** | |

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____           _____
Date                                              United States Magistrate Judge

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

☒ Inadequate showing of indigency          ☒ District Court lacks jurisdiction
☐ Legally and/or factually patently frivolous          ☐ Immunity as to _____
☒ Other:  Plaintiff cannot bring a class action lawsuit pro se.
McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966)

Comments:
See Attachment

January 19, 2021          _____
Date                                              United States Magistrate Judge

**IT IS ORDERED** that the Request to Proceed *In Forma Pauperis* is hereby:

☐ GRANTED
☒ DENIED (see comments above).  IT IS FURTHER ORDERED that:

    ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
    ☒ This case is hereby DISMISSED immediately.
              ^ without prejudice
    ☐ This case is hereby REMANDED to state court.

January 21, 2022          _____
Date                                              United States District Judge

**ATTACHMENT TO**
**ORDER RE:  REQUEST TO PROCEED WITHOUT PAYMENT OF FEES (CV-73)**

 Plaintiff Manetirony Clervrain ("Plaintiff") has filed a request to proceed in forma pauperis ("IFP") in connection with his pro se non-prisoner, civil rights action.  ECF Docket No. ("Dkt(s).") 1; 4.  On November 5, 2020, this Court denied IFP and dismissed a similar complaint because Plaintiff appeared to be bringing a class action law suit pro se.  Clervrain v. Quincy L Booth, Case No. 2:20-10046-JFW (MAA) at Dkt. 1.

 Like the previous complaint, here the complaint lists several plaintiffs and thus Plaintiff appears to be attempting to bring a class action lawsuit.  Dkt. 1at 1 (listing several plaintiffs in the caption).  In fact, the IFP application is signed by a different plaintiff than the complaint and lists a different plaintiff first.  Dkts. 4 at 1, 4; 1 at 13.  Thus, it is unclear which plaintiff brings the current action or which plaintiff's financial information is included with the IFP application.  In any case, plaintiffs may not bring class action lawsuits pro se.  McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) ("While he may appear in propria persona in his own behalf…that privilege is personal to him. He has no authority to appear as an attorney for others than himself" (citations omitted)).

 Furthermore, it is not clear what claims Plaintiffs bring in their complaint, and therefore it is not clear that this court has jurisdiction.  While Plaintiffs check the boxes indicating they are bringing claims pursuant to both Section 1983 and Bivens v. Sax Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), Plaintiff does not clearly identify any constitutional or statutory rights that have been violated by either state or federal actors.  Dkt. 1 at 4–6.  Rather, under the corresponding sections in the form complaint, Plaintiffs merely reference a "extensive conspiracy involv[ing] the violation of the Banking industry," various unrelated cases and motions, supplemental jurisdiction, and cite law relating to administrative deference.  Id.

 Accordingly, because Plaintiffs attempt to bring a class action pro se, and because it is not clear what claims Plaintiffs bring or whether the Court has jurisdiction, it is recommended that in forma pauperis status be **DENIED.**